073·15

ORIGINAL

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 10 2015

Abel Acosta, Clerk

CAUSE NO. PD-0073-15
DARRELL LYNN HOLLEMAN
APPELLANT,

VS.

THE STATE OF TEXAS
APPELLEE

ON APPEAL FROM THE SEVENTH COURT OF APPEALS
COA CASE NO. 07-13-00173-CR
FROM THE 84th DISTRICT COURT
IN TRIAL COURT CAUSE NO. 10,889

FILED IN
COURT OF CRIMINAL APPEALS

MAR 10 2015

Abel Acosta, Clerk

CHIEF JUSTICE
SEVENTH COURT OF APPEALS

PETITION FOR DISCRETIONARY REVIEW

DARRELL LYNN HOLLEMAN
TDCJ-CID # 1862925
Am Stringfellow Unit
1200 FM 655
Rosharon Tx 77583

ORAL ARGUEMENT IS WAIVED.

# TABLE OF CONTENTS

Table of Contents ... i

Identity of Judge, Parties, and Counsel ... ii

Table of Authorities ... iii

Statement of the Case ... 1

Statement of Procedural History ... 2

Grounds for Review ... 2

    Ground 1: The memorandum opinion issued by the Seventh Court of Appeals contains a decision which conflicts with another court of appeals' decision in finding a sufficiency of evidence where the Court agreed that the "Appellant could have possessed a pellet or BB gun". (MO, Pg 5, ₽3).

    Ground 2: The justices of the Seventh Court of Appeals have disagreed on a material question of law necessary to the Court's decision where showing of a "simular weapon" was sufficient to prove Appellant had possession of firearm where "the officer did not seize the gun." (MO, Pg 2, ₽3).

Arguments ... 2

Conclusion ... 3

Prayer for Relief ... 3

Appendix ... A
    VTCA Penal Code § 46.01. Definitions

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

**TRIAL JUDGE**

Honorable William Smith
84th District Court
P.O. Box 3437
Stinnett, TX 79083

**TRIAL COUNSEL**

FOR APPELLANT

David Holmes
630 N. Main St.
Borger, TX 79007

**TRIAL AND APPEAL COUNSEL**

FOR STATE

Mark Snider
Hutchinson County
District Attorney
P.O. Box 3431
Stinnett, TX 79083

Curt Brancheau
Assistant District Attorney

**APPEAL COUNSEL**

FOR APPELLANT

Donald F. Schofield
112 W. 8th Ave, Ste 530
Amarillo, TX 79101

ii

# TABLE OF AUTHORITIES

CASES                                                          PAGE

Perez v. State, 2014 Tex. App. LEXIS 5630 at *2-3               3

CAUSE NO.                    PD-0073-15
IN THE
COURT OF CRIMINAL APPEALS
AUSTIN TEXAS

DARRELL LYNN HOLLEMAN       §
        Appellant           §
                            §
                            §
                            §  TRIAL COURT NO. 10,889
V.                          §
                            §
                            §
THE STATE OF TEXAS          §
        Appellee            §

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW, Darrell Lynn Holleman, Appellant Pro-Se in the above styled and numbered cause, and respectfully files this petition for Discretionary Review (PDR). The Appellant would show the Honorable Court the following in support thereof:

## I. Jurisdiction

This Honorable Court, the Court of Criminal Appeals has jurisdiction over all the matters and parties of this PDR, Rule 68.1 of Texas Rules of Appellate Procedure.

## II. Statement of the Case

A jury found appellant, Darrell Lynn Holleman, guilty of the offense of "Unlawful Possession of Firearm" specifically a felon in possession of a firearm. The jury finding appellant's prior offense used for enhancement to be "true"; subsequently Appellant was sentenced to Fifteen years imprisonment in the Texas Department of Criminal Justice-Institutional Division and a fine of $5,000.

## III. Statement of Procedural History

The Seventh Court of Appeals issued its memorandum opinion on December 3rd, 2014 affirming the trial courts ruling and Appellant's conviction. Appellant is unaware of any motion for rehearing being filed.

## IV. Grounds for Review

Ground 1: The Memorandum Opinion issued by the Seventh Court of Appeals contains a decision which conflicts with another court of appeals' decision in finding a sufficiency of evidence where the Court agreed that the "Appellant could have possessed a pellet or BB gun". Memorandum Order Page 5, Paragraph 3.

Ground 2: The justices of the Seventh Court of Appeals have disagreed on a material question of law necessary to the court's decision where showing of a "simular weapon" was sufficient to prove Appellant had possession of Firearm where "the officer did not seize the gun". Memorandum Order Page 2, Paragraph 3.

## V. Arguments

Appellant contends that the Seventh Court of Appeals erred in finding there was no prejudice in showing a firearm which was simular to the weapon. The Court's decision looks at any prejudice shown to the Appellant of a simular Gun to the one, in which evidence was entered, of which the Plaintiff's girlfriend owned; it did not look at the one was stated to

possess.

The appellant contends, had the officer seized the weapon, DNA could have been pulled from the parts of the weapon to show who had possession of the Hand gun in the closet. The Appellant contends if the son-in-law ejected the clip to the weapon, Appellants' prints would be on the handle as well as the son-in-law's prints on the clip.

Airsoft®, a maker of realistic pellate and BB guns, does make a weapon simular to in looks and function to a 9mm Hi-Point C9. (mo, Pg 2, Foot Note #3). Had the Defense counsel presented the Airsoft weapon for comparison and ejected the mock clip which an Airsoft® weapon has, prejudice would have been shown. Perez v. State at #2.3.

## Conclusion

WHEREFORE, ALL PREMISES CONSIDERED, the sufficiency of evidence could not be made with the showing of a weapon simular to one where the weapon should have been seized.

## Prayer

Appellant prays this court grant relief by issuing order to correct the finding made by trial court.

Respectfully Submitted:

Darrell Lynn Holleman, Pro-Se
TDCJ-CID # 1862925
March, 3rd, 2015

Pg 3 of 3.

## V.T.C.A., Penal Code § 46.01. Definitions

(3) "Firearm" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Firearm does not include a firearm that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by this chapter and that is:

(A) an antique or curio firearm manufactured before 1899; or

(B) a replica of an antique or curio firearm manufactured before 1899, but only if the replica does not use rim fire or center fire ammunition.



# In The

# Court of Appeals

# Seventh District of Texas at Amarillo

No. 07-13-00173-CR

DARRELL LYNN HOLLEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 10,889; Honorable William D. Smith, Presiding

December 3, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Darrell Lynn Holleman was convicted by a jury of unlawful possession of a firearm, enhanced, and sentenced to fifteen years confinement and a $5,000 fine.[1] By a sole issue, Appellant maintains the trial court abused its

---

[1] TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011). The offense is a third degree felony. *Id.* at 46.04(e). The jury found the enhancement allegation of aggravated assault to be true and Appellant was sentenced for a felony of the second degree. *Id.* at 12.42(a).

discretion and denied him due process and equal protection of law when it admitted, over objection, a handgun as "similar" to the firearm he allegedly possessed. We affirm.

BACKGROUND

Appellant was convicted in 2009 for aggravated assault with a deadly weapon and sentenced to three years confinement. He was released in 2011.[2] During the evening on April 12, 2012, officers were dispatched to a domestic disturbance call to a home where Appellant was living with his girlfriend. Numerous other relatives of Appellant's girlfriend were also living there, including her adult daughter, son-in-law and grandchildren. Several visitors were also at the home that evening.

Appellant, who was intoxicated, and one of the visitors engaged in an argument which escalated when Appellant retrieved his girlfriend's gun, a black 9 millimeter pistol,[3] from a bedroom closet and threatened the visitor. One of the residents called 911 while Appellant's girlfriend's son-in-law attempted to disarm Appellant. He was unable to take the gun from Appellant but was able to release the clip.

When officers arrived, Appellant was no longer in possession of the weapon. According to Appellant's girlfriend, she accompanied an officer to the bedroom closet so he could note the gun's serial number. The officer did not seize the gun. She had no explanation for how the gun had been returned to the closet shelf after the incident which led to the 911 call. Appellant advised the corporal he had previously been

---

[2] Section 46.04(a)(1) of the Penal Code provides in part that a felon commits an offense if he possesses a firearm after conviction and before the fifth anniversary following his release.

[3] Pawn shop business records established that the firearm possessed by Appellant was a "Hi-Point C9 Serial #P071120 pistol" and his girlfriend had recently purchased it in March 2012.

2

incarcerated for a felony and the corporal arrested him for unlawful possession of a firearm by a felon.

Appellant's girlfriend posted bond, and he was released the next day and resumed living with his girlfriend. A week after his arrest, an officer called and asked to come by to photograph the gun. Appellant's girlfriend met the officer at her home, but when they looked in the closet, the gun was missing. It was not found in the house. When questioned by his girlfriend about the gun, Appellant responded with violence and told her "it would never be found."

The gun was never recovered. During trial, a "similar" gun was admitted over defense counsel's relevance objection. Multiple witnesses testified that the gun depicted was "substantially similar in every way," "very similar," "almost exactly like," and "substantially the same" as the actual gun brandished by Appellant on the occasion in question. Specifically, during her testimony, Appellant's girlfriend confirmed the State's exhibit was "substantially similar" to her gun. The State responded to Appellant's trial objection by arguing the gun was solely being used as "demonstrative evidence." The defense requested and was granted a jury instruction that the gun was not the actual firearm used by Appellant and was only being admitted for demonstrative purposes.[4]

---

[4] Prior to publication of the exhibit to the jury, the trial court instructed the jury as follows:

> The jury will be instructed that this is not the exact gun. This is done only for demonstrative purposes only. And the jury will consider the evidence only for those purposes.

A similar instruction was not, however, included in the *Charge of the Court* at the guilt/innocence phase of trial.

3

STANDARD OF REVIEW

Demonstrative evidence is admissible in a criminal trial if it tends to solve some issue in the case and is relevant—i.e., if it has evidentiary value. *Simmons v. State*, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981). A trial court's admission of demonstrative evidence is reviewed for abuse of discretion. *Id.* It is within the trial court's discretion to admit into evidence a similar type weapon or instrument used in the commission of an offense if it is relevant and material to an issue in the trial, is not overly inflammatory, and the original, if available, would have been admissible. *Id.* A weapon described as "like," "similar to," "pretty much the same," and comparable words or phrases are admissible as an aid to the jury in interpreting and understanding the testimony adduced at trial. *Id.* at 113-14.

ANALYSIS

Appellant asserts the trial court abused its discretion in admitting, over objection, a handgun as "similar" to the firearm he allegedly possessed. We disagree.

The following is the test for admission of demonstrative evidence: (1) the original is not available; (2) if available, the original would be admissible; (3) it is relevant *and* material to an issue in controversy; (4) its probative value outweighs any inflammatory effect; and (5) the jury is instructed that the object is not the object used in the commission of the crime and is to be considered by the jury solely as evidence that *demonstrates* or *illustrates* what the object used in the offense looks like. *Miskis v. State*, 756 S.W.2d 350, 352 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (emphasis in original).

4

Appellant argues State's Exhibit No. 1 consisting of a "similar" gun was neither relevant nor material to an issue at trial because possession was not disputed. He asserts the prejudicial effect of a "similar" gun outweighed its probative value. Relying on *Orrick v. State*, 36 S.W.3d 622, 626 (Tex. App.—Fort Worth 2000, no pet.), he maintains that admission of a similar gun was unnecessary to resolve an element of the case—it was not relevant and material to an issue in controversy when several witnesses and pawn shop business records established his possession of a firearm.

The evidence established the original gun was not available. Had the gun been located it would have been admissible as direct evidence to establish Appellant possessed a firearm. The jury was properly instructed that the exhibit was not the actual gun in question and was being admitted for demonstrative purposes only. Although the similar gun's probative value was slight, it did not have an inflammatory effect. During deliberations, the jury did submit three questions to the trial court, but none were regarding the demonstrative evidence.

Appellant's arguments notwithstanding, the gravamen of the charged offense was that he was a felon and he possessed a firearm. During trial there was questioning on whether Appellant could have possessed a pellet or BB gun. Such guns are not considered firearms. *See Perez v. State*, No. 07-12-00451-CR, 2014 Tex. App. LEXIS 5630, at *2-3 (Tex. App.—Amarillo May 23, 2014, pet. ref'd) (mem. op., not designated for publication) (reforming judgment to reflect a BB gun is not a firearm). Thus, it was relevant and material to show the jury a similar gun to the one possessed by Appellant on the night in question. Applying *Simmons* and the test in *Miskis*, we conclude the trial

5

court did not abuse its discretion by admitting a "similar" gun as demonstrative evidence. Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.

6